*406 Tbe opinion of tbe Court was delivered by
Ditnkin, C. J.
This bill was filed 16th February, 1859, by tbe plaintiffs, creditors of Haddon, Slager & Co., in behalf of themselves and such other creditors of the firm as might think proper to make themselves parties.
The leading purpose of the bill is to impeach the validity of an assignment purporting to have been executed by Abraham Slager, a member of the firm, on 9th February, 1859, and transferring to the assignee all the partnership effects, which the plaintiffs charge to be “fraudulent and void.”
By an interlocutory decretal order of Chancellor Wardlaw, the Commissioner had been directed, among other things, to report upon the validity of this instrument. He accordingly presented a detailed statement of the circumstances under which the assignment, 9th February, 1859, was executed, and of the particular provisions thereof, and concludes with the recommendation that it be declared invalid. In this judgment of the Commissioner, the Chancellor upon the hearing concurred. This constitutes grounds of appeal on the part of the assignee, Samuel S. Baker, and others. It is not proposed here to recapitulate all the facts detailed by the Commissioner. It is proper, however, to say, that at the time of the assignment the tangible effects of the co-partnership purporting to be assigned were in custody of the Sheriff of Abbe-ville District, under executions against the firm; the assignor was lying out in order to avoid the service of legal process; and his co-partners were absent from the State. Under these circumstances, on the morning of the 9th February, he transferred to Baker “ all right, title and interest of the firm of Haddon, Slager & Co., in the goods, wares, and merchandise, and book accounts, &c.,” in trust, in the first place, to pay and discharge certain large debts due by the late firm of Slager & Levingston, and also to save harmless one Peter L. Burton, “from all liabilities which he had incurred for Slager & Levingstonnext to pay two creditors of the firm $655 and *407 $300, then to pay individual debts of the assignor, then a preferred creditor of the firm, and, lastly, the creditors generally of the firm, and of himself individually, share and share alike. As the Commissioner has remarked, there was no evidence of the assent of the absent partners to this extraordinary appropriation of their funds. One of the subscribing witnesses was a preferred creditor, T. Pearlstein, whose claim was transferred to S. S. Baker, the assignee of A. Slager, and who exhibited his own diffidence in the validity of the assignment by issuing an attachment to recover this same demand two days afterwards (11th February) against the co-partnership of Iladdon, Slager & Co. The transaction wears all the badges of fraud. The goods were purchased from the complainants and others some four months previously, on a credit of six and eight months. Before the credit had expired, and when the concern was already insolvent, one of the partners, in the absence of his co partners, endeavors in a clandestine manner to make an appropriation of' all these goods remaining unsold, 'and of the debts for which they had been sold, for the purpose primarily of paying the debts of a firm to which Iladdon, Slager & Co. were strangers. Nor is the fraud sanctified because, after paying these debts of Slager & Levingston, there is a provision for paying two preferred creditors of Iladdon, Slager & Co., and, after satisfying other individual creditors of Abraham Slager, tojpay other preferred creditors of the firm. The Court cannot undertake to unravel the meshes of fraud, or to sustain an instrument concocted in fraud, although some of the provisions may be meritorious or harmless. . The plaintiffs who were Iona fide creditors of the co-partnership were well entitled to characterize the assignment as fraudulent, and to ask the aid of this Court to remove this obstruction to the satisfaction of their claims.
Then, as to the attaching creditors of A. "W. Haddon, whose writs were lodged subsequent to the order, 16th February, *408 but prior to that of 4th. April, 1859. These were sustained by the Chancellor, and from his ruling, in this respect, an appeal is taken by several of the parties. It may be proper to elucidate what is said in the decree. On 16th February, 1859, when the bill was filed, A. W. Haddon had removed from the State and taken his property with him. At a subsequent period, and prior to the order, 4th April, slaves belonging to him were brought into the State and attached by his creditors, Thomas Jackson and others. The Chancellor has decided that on 16th February, 1859, the plaintiffs, whose demands against the firm of Haddon, Slager & Co. were not then at maturity, had no equity as against the private creditors of A. W. Haddon, and whose demands were past due, to restrain them from attaching his private property, which might subsequently be brought within the jurisdiction of the Court. If the plaintiffs’ debts were then already due, and the fund in Court, the utmost extent of the equity of the co-partnership creditor would be, after previously substantiating the insolvency of the co-partnership, to be permitted to participate with the private creditors in the distribution of the individual estate, not to restrain such creditors from establishing their legal rights, or securing the property to satisfy their legal claims. But, on the 16th February, there was no property of A. W. Haddon within the jurisdiction of the Court, and when it was afterwards brought within the limits of the State, the demands of the plaintiffs not being due, the proper and legal mode of making A. W. Haddon a party in Court, and subjecting his property to the payment of his debts, was in the course pursued by his attaching creditors. Nor does this proceeding in any manner defeat the only equity of the co-partnership creditors. The fund is in the custody of the Court, and if, after payment of legal liens, including the attachments, a. surplus should remain, the plaintiffs may entitle themselves to participate with the private creditors of A. W. Haddon. It is not very *409 clear that the inhibition of these proceedings is within the purview of the prayer of the bill, 16th February, or of the order of injunction made by the Commissioner. But if so, the order was unadvised, and will not defeat the legal rights of the attaching creditors.
The Commissioner reported in favor of the validity of the attachment of William McGowan, as issued prior to the assignment of 9th February. The precise time at which A. Slager left the State is not fixed. But the regularity of the attachment was not disputed nor was it intended to call it in question.
The last ground of appeal on the part of the plaintiffs objects that no order was made in regard to the real estate in possession of John A. Martin. The case was heard on the report of the Commissioner, and the exceptions thereto, of which this matter forms no part, and was re-committed with instructions. The subject-matter of this exception will be properly considered on the plenary hearing of the cause.
Grounds of appeal were taken on behalf of F. Faithome and others, but were not urged in this Court.
It is ordered and decreed that the appeal be dismissed.
Wardlaw and Inglis, J. J., concurred.

Appeal dismissed.